# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CYPALEO LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| METRA ELECTRONICS CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Cypaleo LLC ("Plaintiff" or "Cypaleo") files this Complaint against Metra Electronics Corporation ("Defendant" or "Metra") for infringement of United States Patent No. 5,638,427 (hereinafter "the '427 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 3415 Custer Rd., Suite 120-D, Plano, Texas 75023.

4. On information and belief, Defendant is a Corporation incorporated under the laws of the State of Florida and has an office and principal place of business at 460 Walker Street, Holly Hill, FL 32117-2671.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District.  In addition, and in the alternative, and upon information and belief, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,638,427)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '427 Patent with sole rights to enforce the '427 Patent and sue infringers.

11. A copy of the '427 Patent, titled "Operator-controlled Interactive Communication Device," is attached hereto as Exhibit A.

12. At the time relevant to the allegations herein, the '427 Patent was valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. On information and belief, Defendant infringed one or more claims, including at

least claims 1, 3, 6, 9 and 11, of the '427 Patent by making, using, importing, selling, and/or offering for sale interactive communication devices covered by at least claims 1, 3, 6, 9 and 11 of the '427 Patent. Defendant infringed the '427 Patent in violation of 35 U.S.C. § 271.

14. On information and belief, during the period that the '427 Patent was in force, Defendant sold, offered to sell, and/or used interactive communication devices, including, without limitation, the Metra MDF-7341-1 In-Dash 7-Inch Double DIN Touchscreen Car Receiver with Bluetooth and Navigation ("the Product"), and any similar devices, which infringed at least claims 1, 3, 6, 9 and 11 of the '427 Patent. The Product is an interactive device that may be used to transmit and receive data.

15. The Product has a display that can display messages that are either generated within the Product or received by the Product from an external source (e.g., information from a connected smartphone or other device and information from internal functionality such as the radio).

16. The Product has an input device (e.g., USB inputs) by which a user can input data to the Product (e.g., a user can send media files stored on an external USB flash drive to the product for playback).

17. The Product has a communication transmission interface (e.g., wired and wireless communication interfaces) that can connect the Product with a transmission medium.

18. On information and belief, the Product has a connector (e.g., Bluetooth module with a profile for handset devices) that can connect a telephone handset for external communication over the transmission medium.

19. The Product has a computer connector (e.g., Bluetooth module with a profile for mobile phone connection) that can connect a computer (e.g., a smartphone connected to the

Case 2:17-cv-00007-JRG-RSP   Document 1   Filed 01/03/17   Page 4 of 7 PageID #:  4

Product via Bluetooth) to the Product for external communication over the communication transmission interface (e.g., the accused product uses a Bluetooth connection to a smartphone to make and receive calls). The connection also allows for reprogramming memory of the Product (e.g., the Product uses a Bluetooth connection to sync contacts located on the smartphone, and will also store call history).

20. The Product has a remote interactive communication connector (e.g., Bluetooth module with a profile for audio player connection) that can connect a communication system within a machine being monitored (e.g., the Bluetooth module allows for the Product to connect to a variety of Bluetooth devices and, during the connection, monitors those devices regarding available functionality and potential errors).

21. On information and belief, the input device (e.g., USB input) and the remote interactive communication connector (e.g., Bluetooth module) provide the Product with the flexibility to be used with a machine having a remote interactive communication system (e.g., a Bluetooth handset or a smartphone) and a machine without a remote interactive communication system (e.g., USB storage devices).

22. Regarding claim 3, the Product stores programs (e.g., various functionality interfaces including Radio, IPod, Phone, USB, Settings, etc.) which generate a menu drive program (e.g., a user is able to select various functions from a menu interface).

23. Regarding claim 6, the communication device (of the Product) utilizes a transmission medium (e.g., Bluetooth) that is a RF communication system (e.g., Bluetooth utilizes 2.4 Ghz RF).

24. Regarding claim 9, the functionality of the elements described in paragraphs 1-23 above (specifically paragraphs 13-21) demonstrates that the Product infringes the steps

CORPORATION                                                                                                                                 | 4

recited in claim 9.

25. Regarding claim 11, the functionality of the elements described in paragraphs 1-24 above (specifically paragraphs 13-21, and even more specifically paragraph 19) demonstrates that the Product infringes the steps recited in claim 11.

26. On information and believe 35 U.S.C. § 287 was complied with at all relevant times.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(c) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 3, 2017                    Respectfully submitted,

          /s/ *Jay Johnson*
          **JAY JOHNSON**
          State Bar No. 24067322
          **D. BRADLEY KIZZIA**
          State Bar No. 11547550
          **KIZZA JOHNSON PLLC**
          1910 Pacific Ave., Suite 13000
          Dallas, Texas 75201
          (214) 451-0164
          Fax: (214) 451-0165
          jay@kjpllc.com
          bkizzia@kjpllc.com

          **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A